# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF NEW YORK

No 09-CV-3975 (JFB)

VINCENT DOWLING,

Petitioner,

VERSUS

SUSAN A. CONNELL, SUPERINTENDENT OF ONEIDA CORRECTIONAL FACILITY,

Respondent.

**MEMORANDUM AND ORDER**
May 6, 2010

JOSEPH F. BIANCO, District Judge:

Vincent Dowling (hereinafter, "Dowling" or "petitioner"), *pro se*, petitions this Court for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254, challenging his guilty plea and conviction for one count of murder in the second degree and one count of intimidation of a witness in the third degree. Petitioner challenges his conviction on the following grounds: (1) the conviction obtained by guilty plea was wrongfully accepted by the trial court based on the trial court's failure to inquire into defendant's possible intoxication defense and defendant's answers were inconsistent with his plea; (2) the trial court improperly imposed restitution on the petitioner; and (3) the evidence presented to the grand jury was insufficient to sustain the indictment of depraved indifference murder. On December 10, 2009, Susan A. Cornell ("respondent") moved to dismiss the petition as untimely.

For the reasons set forth below, respondent's motion to dismiss is granted, and the petition is dismissed. Specifically, petitioner's conviction became final on July 11, 1995. He filed the instant motion on September 14, 2009, almost thirteen years beyond the one-year limitations period. Furthermore, petitioner has not presented a valid claim for equitable tolling. Accordingly, the petition must be dismissed as time barred.

I. BACKGROUND

Petitioner pled guilty to one count of murder in the second degree (N.Y. Penal Law §125.25) and one count of intimidating a witness in the third degree (N.Y. Penal Law §

215.15). On July 7, 1992, petitioner was sentenced to fifteen years to life for the second-degree murder charge and one to three years for the witness intimidation charge, to run concurrently. (Sentencing Hr'g at 8-10.) The sentencing court also ordered restitution in the amount of $6,945.75. (*Id.* at 9.) Petitioner appealed his conviction to the Appellate Division, Second Department ("Appellate Division") arguing that (1) the trial court erred in accepting petitioner's guilty plea and (2) the trial court lacked a proper basis to grant restitution. On November 21, 1994, the Appellate Division affirmed Dowling's conviction. *People v. Dowling*, 619 N.Y.S.2d 651, 651 (App. Div. 1994). On April 12, 1995, the New York State Court of Appeals denied petitioner's application for leave to appeal. *People v. Dowling*, 651 N.E.2d 924, 924 (N.Y. 1995). Petitioner did not petition the United States Supreme Court for a writ of certiorari, and, therefore, his judgment of conviction became final on July 11, 1995. In August 2005, petitioner filed a motion with the County Court, Nassau County, requesting a copy of the presentence report. (Fukuda Aff. in Support of Mot. to Dismiss ¶ 11.) On September 29, 2005, the County Court ordered the Probation Department to forward a redacted copy of the presentence report to the County Court that would then forward the report to Dowling. (*Id.*) In February 2006, Dowling filed a motion with the County Court, Nassau County, requesting a copy of the grand jury minutes. (*Id.* ¶ 12.) Petitioner's request to inspect the grand jury minutes was denied on April 5, 2006 by the Nassau County Court. (Answer to Resp't Notice of Motion to Dismiss 3.)

On September 14, 2009, *pro se* petitioner filed the instant application before this Court for a writ of habeas corpus. On December 10, 2009, respondent filed a motion to dismiss the petition as untimely. On December 30, petitioner filed his opposition to the motion to dismiss. The Court has fully considered all the submissions of the parties.

II. DISCUSSION

Respondent seeks to dismiss the instant habeas corpus petition because petitioner failed to file it within the applicable statute of limitations provided by 28 U.S.C. §2244(d)(1). For the reasons set forth below, this Court concludes that Dowling's petition is untimely under Section 2244(d) and finds there is no basis for equitable tolling of the statute of limitations.

A. Statute of Limitations

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") imposes a one-year statute of limitations on state prisoners seeking habeas corpus review in federal court. 28 U.S.C. § 2244(d)(1). The statute begins to run from the latest of:

(A) the date on which the [petitioner's] judgment [of conviction] became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and

made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1)(A-D). Pursuant to AEDPA, "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation." 28 U.S.C. § 2244(d)(2). The Second Circuit has held that a state court application or motion for collateral relief is "'pending' from the time it is first filed until finally disposed of and further appellate review is unavailable under the particular state's procedures." *Bennett v. Artuz*, 199 F.3d 116, 120 (2d Cir. 1999); *see also Carey v. Saffold*, 536 U.S. 214, 217, 220-21 (2002); *Smith v. McGinnis*, 208 F.3d 13, 17 (2d Cir. 2000); *Gant v. Goord*, 430 F. Supp. 2d 135, 138 (W.D.N.Y. 2006).

In the instant case, because subsections (B) through (D) of Section 2244(d)(1) are inapplicable, the statute of limitations began to run on the date petitioner's conviction became final, pursuant to Section 2244(d)(1)(A). On April 12, 1995, the New York State Court of Appeals denied petitioner's application for leave to appeal. Pursuant to Supreme Court Rule 13(1), the time for petitioner to seek review in the United States Supreme Court expired ninety days later. *See Williams v. Artuz*, 237 F.3d 147, 150 (2d Cir. 2001) ("[A] petitioner's 'conviction bec[omes] final for [AEDPA] purposes when his time to seek direct review in the United States Supreme Court by writ of certiorari expire[s].'" (quoting *Ross v. Artuz*, 150 F.3d 97, 98 (2d Cir. 1998) (alterations in original))). Accordingly, petitioner's conviction became final, and the one-year limitations period began to run, on July 11, 1995. The one-year limitations period expired on July 11, 1996. Therefore, the instant petition is untimely.[1]

B. Tolling of the Statute of Limitations

Petitioner does not contest that his petition was untimely but rather argues that the statute of limitations should be tolled because he lacked proper representation. The Court concludes that petitioner's case does not present extraordinary circumstances warranting equitable tolling of the one-year statute of limitations.

Although the instant petition is untimely, in "rare and exceptional" circumstances, the one-year statute of limitations is subject to equitable tolling. *See Smith*, 208 F.3d at 17; *see also Warren v. Garvin*, 219 F.3d 111, 113 (2d Cir. 2000). In order to obtain the benefit of equitable tolling, a petitioner must make two showings: (1) he must demonstrate that "extraordinary circumstances prevented him from filing his petition on time"; and (2) he must have "acted with reasonable diligence throughout the period he seeks to toll." *Smith*, 208 F.3d at 17 (citation omitted). The petitioner bears the burden to affirmatively show that he is entitled to equitable tolling.

---

[1] The Court notes that, although petitioner filed motions for certain documents in 2005 and 2006 (which did not seek any relief), the statute of limitations had long expired by that time and any post-conviction motions for relief would not reset the habeas clock. *See, e.g., Doyle v. Yelich*, No. 05-CV-2750 (JG), 2005 WL 2475727, at *1 (E.D.N.Y. Oct. 7, 2005) ("Properly filed applications for post-conviction relief toll the limitations period, but they do not reset the portion of the limitations period that has already run.").

3

*See Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005); *Muller v. Greiner*, 139 F. App'x 344, 345 (2d Cir. 2005).

Petitioner has failed to demonstrate that he is entitled to equitable tolling. Petitioner argues that he is entitled to equitable tolling because of the following: (1) he lacked legal knowledge or assistance in filing his petition; and (2) there was a change in the state's substantive law, which warranted re-starting the statute of limitations.

First, petitioner argues that he is entitled to equitable tolling because he did not receive legal assistance when filing his habeas petition, and he lacked legal knowledge himself. However, a prisoner's *pro se* status or lack of legal knowledge or assistance does not entitle him to equitable tolling. *See, e.g.*, *Smith*, 208 F.3d at 18 (holding that petitioner's *pro se* status does not warrant equitable tolling); *Romero v. Ercole*, No. 08-CV-4983 (RRM), 2009 WL 1181260, at *5 (E.D.N.Y. Apr. 30, 2009) (holding that "neither [petitioner's] lack of legal assistance nor his own lack of legal knowledge provides a basis for equitably tolling the statute of limitations"); *Ayala v. Miller*, No. 03-CV-3289 (JG), 2004 WL 2126966, at *2 (E.D.N.Y. Sept. 24, 2004) ("Neither a prisoner's *pro se* status, nor his lack of legal expertise, provides a basis for equitable tolling of AEDPA's statute of limitations." (citations omitted)); *Wilson v. Bennett*, 188 F. Supp. 2d 347, 354 (S.D.N.Y. 2002) ("[L]ack of legal knowledge cannot excuse a delay in filing a petition."); *Brown v. Superintendent, Elmira Corr. Facility*, No. 97-Civ. 3303 (MBM), 1998 WL 75686, at *4 (S.D.N.Y. Feb. 23, 1998) ("[A] self-serving statement that the litigant is ignorant of the law is not grounds for equitable tolling of a statute of limitations."); *see also Turner v. Johnson*, 177 F.3d 390, 392 (5th Cir. 1999) (holding that petitioner's unfamiliarity with the legal system or lack of representation does not warrant equitable tolling).

Second, petitioner argues that he is entitled to equitable tolling because the New York Court of Appeals issued a decision in 2005 that altered the evidence necessary to prove depraved indifference murder. However, a change in a state's substantive law does not constitute extraordinary circumstances that warrant equitable tolling. In *Griffin v. Woods*, No. 08-CV-106 (FB), 2008 WL 4737572, at *1-2 (E.D.N.Y. Oct. 29, 2008), a habeas petitioner argued that decisions by the New York Court of Appeals modifying the definition of depraved indifference murder, *see People v. Feingold*, 852 N.E.2d 1163 (2006), and holding that the modification is not retroactive, *see Policano v. Herbert*, 859 N.E.2d 484 (2006), rendered his conviction under the prior definition violative of the federal constitutional guarantee of due process and further argued that the AEDPA limitations period should have started over when the Second Circuit issued its decision in *Policano*. The Court denied equitable tolling on petitioner's habeas claim, noting that the new New York State law regarding depraved indifference murder did not meet any of the statutory criteria of § 2244(d)(1) nor did it constitute an extraordinary circumstance warranting equitable tolling. *Griffin*, 2008 WL 4737572, at *2; *see also Lo v. Endicott*, 506 F.3d 572, 574-75, 576 (7th Cir. 2007) ("We have never held that a change in state substantive law constitutes an 'extraordinary circumstance' that warrants equitable tolling.") (holding that new state substantive case law is not a new factual predicate under § 2244(d)(1)(D), nor a basis for equitable tolling); *Shannon v. Newland*, 410 F.3d 1083, 1087-89 (9th Cir. 2005) (holding that new state law is neither new factual predicate nor removal of an "impediment" under §

4

2244(d)(1)(B)); *Minter v. Beck*, 230 F.3d 663, 665-66 (4th Cir. 2000) (holding that change in state substantive case law does not constitute the removal of an impediment). This Court agrees with the analysis in *Griffin* and concludes that any changes in depraved indifference law do not meet any of the statutory criteria of § 2244(d)(1) and do not constitute an extraordinary circumstance warranting equitable tolling. Moreover, the Court notes that, even if a change in a state's substantive law did constitute sufficient basis for equitable tolling (which it does not), petitioner still would have failed to file his petition within the statute of limitations: the New York State Court of Appeals decision that petitioner references was issued in 2005. Petitioner did not file the instant petition until September 14, 2009—well over one year after that decision.[2]

Finally, even assuming a lack of legal knowledge or assistance or change in a state's substantive law is an extraordinary circumstance; "[a court] must still determine whether the extraordinary circumstances 'prevented him from filing his petition on time.'" *Valverde v. Stinson*, 224 F.3d 129, 134 (2d Cir. 2000) (quoting *Smith*, 208 F.3d at 17). In making this determination, it "requires the petitioner to demonstrate a causal relationship between the extraordinary circumstances on which the claim for equitable tolling rests and the lateness of his filing, a demonstration that cannot be made if the petitioner, acting with reasonable diligence, could have filed on time notwithstanding the extraordinary circumstances." *Id.* Petitioner makes no claim that he could not have filed without the assistance of counsel. Indeed, he is presently proceeding *pro se*. "If the person seeking equitable tolling has not exercised reasonable diligence in attempting to file after the extraordinary circumstances began, the link of causation between the extraordinary circumstances and the failure to file is broken, and the extraordinary circumstances therefore did not prevent timely filing." *Id.* The Court finds that neither the lack of legal knowledge or assistance nor the change in the state's substantive law prevented the petitioner from timely filing a petition with this Court.

In short, petitioner's arguments regarding his *pro se* status, lack of legal representation, and the change in state substantive law do not warrant equitable tolling. Nor has petitioner made a claim or showing of actual innocence. *See Whitley v. Senkowski*, 317 F.3d 223, 225 (2d Cir. 2003) (holding that district court was in error to dismiss a petition claiming actual innocence, on statute of limitations grounds, without further analysis). Accordingly, the Court concludes there are no grounds for equitable tolling.

---

[2] The Court also notes that New York courts have determined that changes in the depraved indifference law do not apply retroactively, *see Policano v. Herbert*, 859 N.E.2d 484, 495 (N.Y. 2006), and the Second Circuit has held that the New York rule does not violate due process. *See, e.g., Henry v. Ricks*, 578 F.3d 134, 141 (2d Cir. 2009) (Due Process Clause does not require retroactive application of new case law in New York regarding interpretation of depraved indifference statute); *accord Flowers v. Fisher*, 296 F. App'x 208, 210 (2d Cir. 2008).

5

### III. CONCLUSION

For the reasons discussed above, the petition for a writ of habeas corpus is dismissed as time barred. Because petitioner has failed to make a substantial showing of a denial of a constitutional right, no certificate of appealability shall issue. *See* 28 U.S.C. § 2253(c)(2). The Clerk of the Court shall enter judgment accordingly and close the case.

SO ORDERED.

_____
JOSEPH F. BIANCO
United States District Judge

Dated: May 6, 2010
Central Islip, New York

\* \* \*

Petitioner appears *pro se*. Attorneys for respondent are Andrew Fukuda and Tammy J. Smiley, Assistant District Attorneys, on behalf of Kathleen M. Rice, District Attorney, Nassau County, 262 Old Country Road, Mineola, NY 11501.